UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL ODOMS AND                                    CIVIL ACTION
ERICKA ODOMS

                                                     NO. 19-12477
VERSUS

                                                     SECTION M (4)
GEOVERA SPECIALTY INSURANCE
COMPANY AND SUSAN ANGELICA
INSURANCE AGENCY, LLC

## ORDER & REASONS

Before the Court is a motion to stay and administratively close case pending outcome of appeal filed by defendant GeoVera Specialty Insurance Company ("GeoVera").[1] The motion was filed on July 9, 2020, and set for submission on July 30, 2020.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion must be filed no later than eight days before the noticed submission date. Plaintiffs Michael and Ericka Odoms (collectively, "Plaintiffs), who are represented by counsel, have not filed a memorandum in opposition to the aforementioned motion to stay and administratively close case.

Accordingly, because the motion to stay and administratively close case is unopposed, and it appearing to the Court that the motion has merit,[3]

---

[1] R. Doc. 22.
[2] R. Doc. 22-1.
[3] According to GeoVera, this case involves substantially the same issues already litigated in a companion declaratory judgment action filed by GeoVera that is currently pending on appeal before the Fifth Circuit: *GeoVera Specialty Insurance Co. v. Odoms*, 5th Cir. Case No. 19-30971, E.D. La. Civil Action Case No. 19-1899 (the "Declaratory Judgment Action"). The above-captioned matter (the "Removed Action") was initially assigned to another section of this Court, but upon GeoVera's motion to transfer and consolidate, R. Doc. 5, was transferred to this section as related to the Declaratory Judgment Action, which at the time was pending before this section of Court. R. Doc. 6. The Court subsequently denied the request to consolidate the matters because the claims at issue in the Declaratory Judgment Action were resolved on GeoVera's motion for summary judgment and that case was closed. R. Doc. 15. GeoVera argues that the Fifth Circuit's ruling on the Declaratory Judgment Action will significantly affect the disposition of the Removed Action because in the Removed Action, Plaintiffs seek damages

IT IS ORDERED that GeoVera's motion to stay and administratively close case (R. Doc. 22) is GRANTED.  The above-captioned matter is stayed, pending resolution of *GeoVera Specialty Insurance Co. v. Odoms*, 5th Cir. Case No. 19-30971.  The Clerk of Court is ordered to mark this action closed for statistical purposes.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction and that the above-captioned matter shall be restored to the trial docket upon motion of a party following the Fifth Circuit's resolution of Case No. 19-30971, so that it may proceed to final disposition; this order shall not prejudice the rights of the parties to this litigation.

New Orleans, Louisiana, this 27th day of July, 2020.

                                                      BARRY W. ASHE
                                                    UNITED STATES DISTRICT JUDGE

---

from GeoVera for allegedly failing to provide coverage for a July 21, 2018 fire incident at their property, as well as penalties and attorney's fees for GeoVera's alleged arbitrary and capricious denial of their claim, yet in the Declaratory Judgment Action, this Court granted GeoVera's motion for summary judgment and entered judgment finding that GeoVera did not owe coverage for the July 21, 2018 fire incident, and that GeoVera could rescind the tenant-occupied homeowners insurance policy issued to Michael Odoms due to material misrepresentations he made in the insurance application.  R. Doc. 22-3 at 6-7 (citing R. Doc. 31 (Case No. 19-1899: judgment)); *see also* R. Doc. 29 (Case No. 19-1899: order granting summary judgment).  The Court agrees with GeoVera that the two cases involve the same factual issues and a ruling from the Fifth Circuit on the Declaratory Judgment Action will significantly bear upon the disposition of the issues in the above-captioned matter.